IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RESHEED COLES | : | |
| | : | |
| v. | : | CIVIL NO. CCB-13-2038 |
| | : | |
| OFFICER ELI VISNICK | : | |

...o0o...

**MEMORANDUM**

Resheed Coles, representing himself, has filed suit against Officer Eli Visnick under 42 U.S.C. § 1983 alleging violations of the Fourth and Fourteenth Amendments. Officer Visnick has filed a motion for summary judgment, which has been fully briefed. For the reasons that follow, his motion will be granted.

This suit arises out of events occurring on January 6, 2012. Officer Visnick observed Mr. Coles driving a Ford van with Maryland registration 38167M5. A computer check showed that the car was flagged for a compulsory insurance violation. Officer Visnick initiated a traffic stop. While talking with Mr. Coles to get his license and registration, Officer Visnick smelled the odor of burnt marijuana. He returned to his vehicle and called for backup. Officer Visnick then returned to Mr. Coles and ordered him to exit the vehicle. When Mr. Coles refused, Officer Visnick forcibly removed him. On searching the van, Officer Visnick found marijuana material on the floor of the driver's side. On searching Mr. Coles, two small zip-loc bags of marijuana were found in his pants leg. A second search found another bag of marijuana on Mr. Coles' person. He was charged with possession of marijuana, possession of paraphernalia, and failure to obey a lawful order.

Mr. Coles elected a bench trial before a Maryland District Judge. His only defense was to deny the court had jurisdiction. Judge Purpura denied Mr. Coles' motion to dismiss on

jurisdictional grounds and found him guilty of possession of marijuana.[1]  He appealed his conviction.

Mr. Coles' jurisdictional argument is frivolous, and his constitutional claims in this court are without merit.  The computer record of an insurance violation gave Officer Visnick cause to stop the vehicle, and the odor of burnt marijuana provided probable cause for an arrest and a search of at least the driver's seat area of the vehicle.  *See Arizona v. Gant*, 556 U.S. 332, 351 (2009).  Further, an officer may order the driver to exit the vehicle in the course of a valid traffic stop.  *See Pennsylvania v. Mimms*, 434 U.S. 106, 108–11 (1977) (per curiam).  Finally, while Mr. Coles may be making a Fourteenth Amendment claim for excessive force, he provides no proof that Officer Visnick used more force than necessary or that any serious injury was inflicted on him.[2]

Accordingly, because Mr. Coles cannot prevail on the undisputed facts before the court, Officer Visnick's motion for summary judgment will be **Granted** by a separate Order which follows.

May 15, 2014  
Date

/s/  
Catherine C. Blake  
United States District Judge

---

[1]  The disposition of the other charges is unclear.
[2]  I am not interpreting this claim as seeking to set aside Mr. Coles' conviction.  To the extent it does, however, it would be subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).